FILED
Clerk
District Court
MAR 28 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>HALIM KHAN,<br><br>            Defendant. | Case No. 1:20-cr-00007-02<br><br>**MEMORANDUM DECISION DENYING DEFENDANT'S ORAL MOTION TO CONTINUE JURY TRIAL** |

      A status conference in this matter was held on March 21, 2022 at which time Defendant Halim Khan ("Khan") appeared with his court-appointed attorney, Bruce L. Berline who orally moved for a continuance of the jury trial scheduled to begin the next day, March 22, 2022. Also present was Joey P. San Nicholas making his appearance as Khan's co-counsel under the Criminal Justice Act Plan. Assistants United States Attorney Garth R. Backe and Albert S. Flores Jr. appeared for the Government and opposed the motion. Having considered the case law and parties' arguments, the Court DENIED Defendant's motion. The court now memorializes its decision and reasoning.

## I. PROCEDURAL HISTORY

      On July 30, 2020, Khan was indicted by a grand jury, along with co-defendants Servillana Soriano and Aminul Islam for the offense of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. (Indictment, ECF No. 3.) A couple of months later, a grand jury returned a Superseding Indictment against Khan only. (Superseding Indictment, ECF No. 32.) The Government then moved to amend the Superseding Indictment (Mot. to Am. Superseding Indictment, ECF No. 52),

which the Court granted (ECF No. 60). An Amended Superseding Indictment was issued on January 12, 2021. (Am. Superseding Indictment, ECF No. 63.)

On March 25, 2021, a grand jury returned a Second Superseding Indictment against Khan. (Second Superseding Indictment, ECF No. 87.) After Khan was arraigned on the Second Superseding Indictment, the Court issued the Rule 5(f) Order mandating the Government to "produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence." (Rule 5(f) Order, ECF No. 90.)

Days before the jury trial was set to take place on March 15, 2022, the Court continued the trial for one week to March 22, 2022 without the parties' objection. (Order Cont. Trial, ECF No. 203.)

Apparently, just weeks before the March 15th trial was set to begin, the Government produced discovery pursuant to the Jencks Act, 18 U.S.C. § 3500. The same day, Khan received grand jury testimony consisting of over 400 pages. After conducting extensive examinations of all the discovery received to date, Khan requested a status conference on March 21, 2022 and orally moved for another continuance. The Court denied Khan's motion. (Min., ECF No. 208.)

## II.     LEGAL STANDARD

Under the Speedy Trial Act, a district court may continue trial and find excludable delay when "the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Factors that a court is to consider in whether to grant a continuance include whether failure to grant a continuance would result in a miscarriage of justice; whether the case is so unusual or complex or involves novel question of facts or law that it would be unreasonable to expect adequate preparation within the time limits provided; and whether denial of a continuance would deny either counsel for the defendant or the government "reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." *Id*. at § 3161(h)(7)(B).

Additionally, the Ninth Circuit considers four factors in reviewing whether a continuance should be granted:

> [1] the extent of [defendant's] diligence in his efforts to ready his defense prior to the date set for hearing . . . . [2] how likely it is that the need for a continuance could have been met if the continuance had been granted . . . . [3] the extent to which granting the continuance would have inconvenienced the court and the opposing party, including witnesses . . . . [4] the extent to which the [defendant] might have suffered harm as a result of the district court's denial.

*United States v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995) (quoting *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985), *amended* 764 F.2d 675). "The weight accorded to each factor may vary from case to case; '[h]owever, in order to obtain reversal, appellant must show at a minimum that he has suffered prejudice as a result of the denial of his request.'" *Id*. at 314-15 (quoting *Flynt*, 756 F.2d at 1358).

### III. DISCUSSION

Because the Government's production of this discovery came just weeks before trial, Khan argues that he needs more time to prepare for his defense. In particular, Khan received discovery that consisted of agent notes and grand jury testimony on February 24, 2022 that would demonstrate patent contradictions by the case agent, Special Agent Frederic Jonas. As a result, Khan seeks to solicit the assistance of an expert to cross-examine and potentially impeach Special Agent Jonas. He also seeks a continuance to prepare the potential expert to testify. Khan suggested a continuance of one month to have the reasonable time necessary for effective preparation of trial. The Government opposed Khan's oral motion arguing that discovery was timely produced under the Jencks Act, 18 U.S.C. § 3500, and

Khan's motion on the eve of trial should be regarded as untimely and inappropriate. Khan responded that the pertinent evidence is exculpatory and should have been tendered earlier pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

As an initial matter, the Ninth Circuit has held that "'when the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.'" *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) (quoting *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)). In *Alvarez*, the Government "turned over notes or reports of debriefings of the co-conspirator witnesses *on the first day of trial,* relying on the Jencks Act as justification for the late disclosures." *Id*. at 1210 (emphasis added). The defendant argued that "he had a right to disclosure of *Brady* material sufficiently in advance of trial to be useful to the defense and that it was error not to order early disclosure of the reports of the witness' statements because *Brady* trumps Jencks." *Id*. However, because the Ninth Circuit found that the Jencks Act standard controls as to timeliness, it concluded that the argument regarding the "allegedly tardy *Brady* disclosures must also fail." *Id*.

Here, Khan originally argued that for purposes of timing, *Brady* disclosures trump the Jencks Act. However, after a recess of the hearing, Khan conceded the Ninth Circuit's determination that it is the Jencks Act that trumps *Brady* for purposes of timing. Based on Khan's concession and the Ninth Circuit case law under *Alvarez*, the Court concludes that where the Government has submitted evidence pursuant to Jencks, the Government has timely submitted such evidence.

Nevertheless, Khan maintains that the discovery produced is exculpatory and should have been submitted earlier. *See United States v. Price*, 566 F.3d 900, 908 (9th Cir. 2009) ("*Brady* encompasses impeachment evidence, and evidence that would impeach a central prosecution witness is indisputably favorable to the accused."). But even if the evidence qualifies as exculpatory for purposes of *Brady*,

the Court still finds that under *Alvarez* and *United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008)—a case cited by Khan—Khan cannot demonstrate prejudice.

In *Alvarez*, the Ninth Circuit ruled that whether under *Brady* or Jencks, the defendant must demonstrate that the district court's decision "resulted in prejudice to his 'substantial rights.'" *Id*. (quoting *United States v. Michaels*, 796 F.2d 1112, 1115 (9th Cir. 1986)). "If [the defendant] does not establish that production of agents' notes, or timely production of other discovery would have been likely to affect the outcome of the trial, any error is harmless." *Id*. The Ninth Circuit went on to find that where a defendant "requests specific evidence under *Brady*, he must show that it is material. The test for materiality is whether the requested evidence might affect the outcome of the trial." *Id*. at 1211.

Similarly, in *Rittweger*, the Second Circuit held that "[a]lthough we are troubled by the government's failure to produce this evidence sooner, we do not find that there is a reasonable probability that earlier disclosure of the information would have affected the outcome of [the defendant's] case." 524 F.3d at 180. Exculpatory evidence under *Brady* must be "disclosed 'in a manner that gives the defendant a reasonable opportunity either to use the evidence in the trial or to use the information to obtain evidence for use in the trial.'" *Id*. (quoting *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007)). Although the court admonished the Government for not disclosing the *Brady* material earlier, *see id*. at 182, the court still maintained that there must be a "'reasonable probability' of a different result if the defense had learned of the evidence earlier." *Id*. But in *Rittweger*, the court concluded that the Government's late disclosure would not have resulted in a different outcome of the defendant's case. In particular, the court cited information elicited from another witness "who, as a key participant in both the First and the Second Schemes, had more direct and personal knowledge" of the events that transpired. *Id*.

Here, the Government indicated at the status conference that it has a witness which will independently testify to Khan's allegedly criminal conduct. The situation anticipated here is clearly different from other cases in which there were only federal agents and defendants pointing fingers at each other and presenting a "he said, she said" situation. In this case, the Government has a witness independent of both the agent and Defendant Khan who possesses personal knowledge of Defendant's statements about the events that transpired. Additionally, Khan is not precluded from continuing his preparations with the assistance of an expert and is not precluded from using the evidence at issue during trial. *See id.* at 182 ("The jury was read Allen's testimony regarding [the defendant's] role in the alleged conspiracy . . . . The jury was also read excerpts of the notes taken by Agent Lubman during proffer interviews. . . . The exculpatory information was therefore put before the jury and [the defendant] was able to assimilate the materials into his case for 'its effective use at trial.'").

### IV.   CONCLUSION

For the foregoing reasons, Defendant Khan's oral motion to continue the March 22, 2022 jury trial is DENIED.

IT IS SO ORDERED this 28th day of March, 2022.

RAMONA V. MANGLONA
Chief Judge